IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. WR-30,374-16






ROBERT EARL WHITFIELD, Relator


v.


 87TH JUDICIAL DISTRICT COURT, Respondent







ON APPLICATION FOR A WRIT OF MANDAMUS


CAUSE NO. 9397-B
 

FROM FREESTONE COUNTY





 Per curiam.


O R D E R



 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. He contends that the trial court ordered DNA testing under Chapter 64 of
the Code of Criminal Procedure, that testing was completed in April 2009, and that the trial court
has not held a hearing and issued findings as required by the Code of Criminal Procedure. Tex.
Code Crim. Proc. art. 64.04.

 This Court abated relator's motion for leave to file and solicited responses from the trial
court and the State answering whether DNA testing had been ordered and, if so, whether the trial
court held a hearing and made findings as required by Article 64.04 of the Code of Criminal
Procedure. The State has filed a response stating that the trial court ordered testing in 2009 and has
denied subsequent motions for additional DNA testing. The State argues that since the trial court
denied motions for additional testing, no hearing is required. According to the State's answer and
the docket sheet attached, DNA testing was returned to the trial court on May 18, 2009. There is no
record in the docket sheets or the State's answer to suggest that a hearing was held or findings were
made addressing the results of the 2009 testing. 

 In these circumstances, additional facts are needed. The respondent, the judge of the 87th 
District Court of Freestone County, is invited to file a response with this Court, as is the prosecuting
authority in this case. Any response shall specifically address whether the trial court has held a
hearing and issued findings relating to the 2009 DNA results, as required by Article 64.04 of the
Code of Criminal Procedure. 

 This application for leave to file a writ of mandamus will be held in abeyance until the
respondent has had the opportunity to file the appropriate response. Such response shall be
submitted within 30 days of the date of this order.


Filed: August 24, 2011

Do not publish